UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISANA

| | |
|---|---|
| MITCHELL MIRAGLIA,<br>an individual, ) | Case No: 2:15-cv-5416-KDE-MBN |
| )<br>Plaintiff, ) | Judge Kurt D. Engelhardt |
| )<br>v. ) | Magistrate Judge Michael B. North |
| )<br>NEW ORLEANS CITY; and )<br>FRENCH MARKET CORPORATION, )<br>)<br>Defendants. )<br>) | |

## **FIRST AMENDED COMPLAINT**

Plaintiff, MITCHELL MIRAGLIA, an individual, by and through his undersigned counsel, hereby files this First Amended Complaint and sues NEW ORLEANS CITY ("ORLEANS") and FRENCH MARKET CORPORATION ("FMC"), for damages, injunctive and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. ("Americans with Disabilities Act" or "ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Rehabilitation Act") and states as follows:

## **JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq*., (see also 28 U.S.C. § 2201 and § 2202), and for Plaintiff's claims arising from 29 U.S.C. §794 *et seq*. (Rehabilitation Act). This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property which is the subject of this action is located in Orleans Parish, Louisiana.

3. Plaintiff, MITCHELL MIRAGLIA, (hereinafter referred to as "MR. MIRAGLIA") is a

resident of Orleans Parish, Louisiana. MR. MIRAGLIA resides at 2600 Gravier Street.

4. MR. MIRAGLIA is a qualified individual with a disability under the ADA. MR. MIRAGLIA is a quadriplegic afflicted with cerebral palsy.

5. Due to his disability, MR. MIRAGLIA is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. MIRAGLIA is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, FMC is a public benefits corporation which is incorporated in the States of Louisiana and is domiciled at 1008 N. Peters Street, 3rd Floor, New Orleans, LA 70116.

7. Upon information and belief, ORLEANS is a political entity located within Orleans Parish, Louisiana.

8. Upon information and belief, ORLEANS is the political entity which owns the real property, improvements, and programs which are the subject of this action, to wit: the Retail Complex generally located at 500 St. Peter Street, New Orleans, LA 70116 (hereinafter "the Property").

9. Upon information and belief, FMC is the political entity which is responsible for operating, maintaining, and leasing the Property.

10. Upon information and belief, the Property is leased to a number of retail stores, shops, and restaurants.

11. DEFENDANTS are responsible for complying with the obligations of the ADA.

12. DEFENDANTS are jointly responsible for ensuring that the Property complies with the ADA and that the programs, facilities, and accommodations offered at the Property do not

discriminate against the disabled.

13. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana.

## COUNT I
## VIOLATION OF TITLE II OF THE ADA

14. MR. MIRAGLIA realleges and reavers paragraphs 1-13 as if they were expressly restated herein.

15. Upon information and belief, FMC develops and provides the services and programs offered at the Property.

16. MR. MIRAGLIA has been to the Property numerous times in the past.

17. MR. MIRAGLIA'S last visit to the Property prior to filing this original Complaint was on Saturday, September 19, 2015.

18. While at the Property MR. MIRAGLIA has tried to access numerous architectural features but encountered numerous barriers which hindered his ability to access the services and utilize the programs offered at the Property.

19. MR. MIRAGLIA has desired to enter numerous shops and stores which are located at the Property, but encountered great difficulty due to the lack of a ramp or non-accessible ramps at many storefronts.

20. At times while at the Property, MR. MIRAGLIA had difficulty accessing the goods and services which are offered for sale at the Property as a result of the architectural barriers which are discussed below in Paragraph 29.

21. MR. MIRAGLIA plans to return to the Property in the near future to utilize the programs and activities administered at the Property.

22. MR. MIRAGLIA lives a mere two and a half miles away from the Property.

23. During his visits to the Property, MR. MIRAGLIA experienced serious difficulty utilizing the services and programs offered at the Property due to the architectural barriers discussed herein.

24. MR. MIRAGLIA continues to desire to visit the Property, but fears that he will experience serious difficulty again due to the barriers discussed in Paragraph 29 which still exist.

25. The barriers discussed below in Paragraph 29 are excluding MR. MIRAGLIA from the programs and activities offered the Property.

26. DEFENDANTS have failed to adopt any alternatives to barrier removal which would provide MR. MIRAGLIA with meaningful access to the goods, services, and programs which are offered at the Property.

27. MR. MIRAGLIA plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

28. MR. MIRAGLIA is presently deterred from attempting to visit those shops and restaurants which are inaccessible to him as a result of the lack of a ramp or as a result of a non-accessible ramp.

29. Upon information and belief, DEFENDANTS have discriminated, and are continuing to discriminate, against MR. MIRAGLIA in violation of the ADA by excluding and/or denying MR. MIRAGLIA the benefits of their services, programs, and/or activities by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992. MR. MIRAGLIA's visits to the Property shows that the program, when viewed in its entirety, is not accessible. These physical barriers to access include, but are not limited to:

    A.  At Café Pontalba, there are excessive thresholds into the restaurant and

there are no ramps which otherwise provide access;

B. At the OMG store, there are excessive thresholds into the store and there are no ramps which otherwise provide access;

C. At Shushan's Ltd. store, there is an excessive threshold into the store and there is no ramp which otherwise provides access, as well as steps into the store which prevent access for wheelchair users;

D. At the Muse store, there is an excessive threshold into the store and there is no ramp which otherwise provides access, as well as steps into the store which prevent access for wheelchair users;

E. At the Nola Couture store, there is an excessive threshold into the store and there is no ramp which otherwise provides access;

F. At the Ooh La La Gallerie, there is an excessive threshold into the store and there is no ramp which otherwise provides access;

G. At the Rendevous Linen & Lace store, there is an excessive threshold into the store and there is no ramp which otherwise provides access;

H. At the A Simpler Time store, there is an excessive threshold into the store and there is no ramp which otherwise provides access, as well as steps into the store which prevent access for wheelchair users;

I. At the Cella's store, there is an excessive threshold into the store and there is no ramp which otherwise provides access;

J. At the Aerosoles store, there is an excessive threshold into the store and there is no ramp which otherwise provides access;

        K.      At the Corner Oyster House, there is an excessive threshold into the store and there is no ramp which otherwise provides access;

        L.      At the New Orleans School of Cooking Fresh Pralines store, there is an excessive threshold into the store and there is no ramp which otherwise provides access;

        M.     Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

30. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

31. DEFENDANTS have discriminated against MR. MIRAGLIA by denying him full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by U.S.C. §12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq*.

32. DEFENDANTS have discriminated, and are continuing to discriminate, against MR. MIRAGLIA in violation of the ADA by excluding and/or denying MR. MIRAGLIA the full and equal benefits of its services, programs, and/or activities by failing to, inter alia, have accessible facilities. MR. MIRAGLIA has reasonable grounds for believing that he is about to be subject to discrimination as a result of the barriers which are discussed in Paragraph 29.

33. 28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or

location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." DEFENDANTS have violated this provision by providing their services, programs, and/or activities at an inaccessible facility.

34. DEFENDANTS discriminated against MR. MIRAGLIA by excluding him from participation in, and denying the benefits of, the services, programs, and/or activities at the Property because of MR. MIRAGLIA's disability, all in violation of 42 U.S.C. § 12132.

35. Upon information and belief, DEFENDANTS continue to discriminate against MR. MIRAGLIA, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals.

36. Upon information and belief, MR. MIRAGLIA and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and/or activities of DEFENDANTS' Property, and have otherwise been discriminated against and damaged by DEFENDANTS because of DEFENDANTS' discrimination, as set forth above.  MR. MIRAGLIA and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as

requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy DEFENDANTS' discriminatory violations and avoid piecemeal litigation, MR. MIRAGLIA requires a full inspection of DEFENDANTS' Property in order to catalogue and cure all the areas of non-compliance with the ADA.

37. MR. MIRAGLIA has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from DEFENDANTS pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

38. MR. MIRAGLIA is without adequate remedy at law and is suffering irreparable harm.

39. Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is provided authority to grant MR. MIRAGLIA's injunctive relief including an order that DEFENDANTS alter the Property to make those facilities, and/or programs, and/or activities, readily accessible and useable to MR. MIRAGLIA and all other persons with disabilities as defined by the ADA; or by closing the Property until such time as DEFENDANTS cure their violations of the ADA.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

40. MR. MIRAGLIA adopts and re-alleges the allegations contained in paragraphs 1-39 as if fully stated herein.

41. MR. MIRAGLIA brings this claim against DEFENDANTS, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq*.

42. The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be

       denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.  29 U.S.C. § 794(a).

43. Upon information and belief, as set forth herein, DEFENDANTS have violated the Rehabilitation Act by intentionally excluding the MR. MIRAGLIA, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and has otherwise subjected him to discrimination under, DEFENDANTS' programs and activities.

44. Upon information and belief, a non-exclusive list of DEFENDANTS' violations of the Rehabilitation Act and discriminatory conduct against MR. MIRAGLIA are evidenced by:

    A. denying MR. MIRAGLIA access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered at the Property;

    B. by otherwise limiting MR. MIRAGLIA in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive DEFENDANTS' aids, benefits and services;

    C. making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by DEFENDANTS at the Property;

    D. failing to administer services, programs and activities in the most integrated

        setting appropriate to the needs of MR. MIRAGLIA;

    E.    excluding MR. MIRAGLIA from participation in, and the benefits of, DEFENDANTS' services programs and activities as a result of DEFENDANTS' Property being inaccessible to or unusable by MR. MIRAGLIA; and

    F.    failing to design and/or construct new facilities, or make alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

45.    Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at the Property which MR. MIRAGLIA is more likely than not going to encounter upon his future visits to the subject premises.  MR. MIRAGLIA brings this action:

    A.    to redress injuries suffered as a result of DEFENDANTS' discriminatory actions and inactions set forth herein;

    B.    to reasonably avoid further and future injury to MR. MIRAGLIA as a result of DEFENDANTS' ongoing failure to cease its discriminatory practices as set forth in this action, including correcting violations of the Act;

    C.    to ensure DEFENDANTS' Property is accessible as required by the relevant applications of Title II of the ADA;

    D.    to be made whole and ensure future compliance; and

    E.    to reasonably avoid future ADA and Rehabilitation Act litigation involving the same Property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

46. Only through a complete inspection of the Property and related facilities, undertaken by MR. MIRAGLIA and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

47. Upon information and belief, DEFENDANTS are the recipient of federal funds.

48. Upon information and belief, as the recipient of federal funds, DEFENDANTS are liable for damages to MR. MIRAGLIA as a result of its acts and omissions constituting intentional discrimination.

49. As set forth above, MR. MIRAGLIA has been denied access to, and has been, and without the relief requested herein will continue to be denied the access to the goods, services, programs, facilities, activities and accommodations offered by DEFENDANTS solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of DEFENDANTS' Rehabilitation Act violations set forth above.

50. MR. MIRAGLIA has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action.  MR. MIRAGLIA is entitled to recover those attorneys' fees, costs and litigation expenses from DEFENDANTS pursuant to 29 U.S.C. §794(b).

51. Pursuant to 29 U.S.C. §794(a) this Court is provided authority to grant MR. MIRAGLIA's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all

premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting MR. MIRAGLIA compensatory damages for DEFENDANTS' discriminatory actions.

## PRAYER FOR RELIEF

WHEREFORE, MR. MIRAGLIA prays that:

    A.    This Court issue a Declaratory Judgment that determines that DEFENDANTS are in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*;

    B.    This Court issue a Declaratory Judgment that determines that the property, programs and activities owned, operated and administered by DEFENDANTS are in violation of the Rehabilitation Act;

    C.    This Court grant preliminary and permanent injunctive relief against DEFENDANTS including an order to make all readily achievable alterations to the Property; or to make such Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require DEFENDANTS to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

      treated differently than other individuals because of the absence of auxiliary aids and services;

D. This Court enter an Order directing DEFENDANTS to alter and modify the Property and its facilities, services, activities, programs and accommodations as appropriate to comply with the ADA and the Rehabilitation Act;

E. This Court awards monetary damages, including nominal damages, pursuant to Title II and 29 U.S.C. § 794a(a)2 for the harmed caused by DEFENDANTS' discriminatory practices and barriers;

F. This Court award of reasonable attorneys' fees, costs and litigation expenses pursuant to 29 U.S.C. § 794a(a)2 and 42 U.S.C. § 12205 and 28 C.F.R. § 35.175; and

G. Such other relief as the Court deems just and proper, and/or is allowable under Title II of the ADA and the Rehabilitation Act.

                          Respectfully Submitted,

                          THE BIZER LAW FIRM
                          Attorneys for Plaintiff
                          Andrew D. Bizer (LA # 30396)
                          andrew@bizerlaw.com
                          Garret S. DeReus (LA # 35105)
                          gdereus@bizerlaw.com
                          Amanda K. Klevorn (LA # 35193)
                          aklevorn@bizerlaw.com
                          3319 St. Claude Ave.
                          New Orleans, LA 70117
                          T: 504-619-9999; F: 504-948-9996

                  By:/s/ Amanda K. Klevorn
                          AMANDA K. KLEVORN

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 10, 2015, the foregoing pleading was served on all counsel of record via the ECF system.

By:<u>/s/ Amanda K. Klevorn</u><br>
Amanda K. Klevorn